**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Erin Capital Management, L.L.C., a foreign limited liability company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael T. Petramala and Jane Doe Petramala,<br><br>　　　　Defendants. | No. 06-2377-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Plaintiff's objection to Defendants' notice of removal and Defendants' motion to dismiss.[1] The Court has reviewed the memoranda filed by the parties. Dkt. ##1, 4, 5, 6, 7. For the reasons stated below, the Court will grant the motion to remand and deny the motion to dismiss.

**I. Background.**

On May 15, 2006, Erin Capital Management, L.L.C. ("Plaintiff") filed a complaint in Arizona state court alleging breach of contract by Michael Petramala ("Defendant") for failure to pay credit card balances. Dkt. #4, Ex. 1. Plaintiff had purchased Defendant's account from the original creditor, Universal Card Services, and Plaintiff sought to recover

---

[1] The Court considers Plaintiff's objection to the notice of removal (Dkt. #4) to be a motion to remand and will refer to it as such in this order.

$4,151.13 that Plaintiff still owed. *Id*. The state court issued a summons to Defendant on May 19, 2006, but apparently Defendant did not receive it. *Id*. On August 22, 2006, the court authorized alternative service on Defendant, which was completed on September 29, 2006 by posting the complaint and summons on Defendant's property and mailing the complaint and summons to the same address. *Id*. On October 5, 2006, Defendant filed a notice of removal to federal court pursuant to 28 U.S.C. §§ 1331 and 1332.   Dkt. #1.

**II. Discussion.**

Defendant seeks removal based on both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. #1.  The removal statute provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.

**A. Jurisdiction under 28 U.S.C. § 1331.**

The Court has subject matter jurisdiction over cases arising under federal law.  28 U.S.C. § 1331. It is well established that "a case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint." *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985). "The federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition

- 2 -

for removal.'" *Id.* at 822 (citing *Gully v. First National Bank*, 299 U.S. 109, 113 (1936)). "Removability cannot be created by defendant pleading a counter-claim presenting a federal question under 28 U.S.C. § 1331." *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir. 1975), *aff'd on other grounds sub nom.*, *Jones v. Rath Packing Co.*, 430 U.S. 519 (1977).

Here, Plaintiff filed a single breach of contract claim in state court. Dkt. #4, Ex. 1. This claim is governed entirely by state law and does not raise a federal question. Defendant attempts to invoke federal question jurisdiction in his notice of removal by claiming he was "victimized by Plaintiff's willful, malicious, or negligent complete disregard for the rights guaranteed to all United States citizens under the Fair Debt Collections Act and the Fair Credit Reporting Act." Dkt. #1. In his response to Plaintiff's motion to remand, Defendant attempts to assert a counterclaim under the Fair Debt Collections Act and the Fair Credit Reporting Act. Dkt. #6 at 2-3. These allegations do not create a basis for federal question jurisdiction because they did not appear on the face of Plaintiff's complaint. Accordingly, the Court finds that there is no federal jurisdiction under 28 U.S.C. § 1331.

### B. Jurisdiction under 28 U.S.C. § 1332.

Federal courts possess diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). When a plaintiff institutes a case in state court, "there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (internal quotations omitted). Thus, "the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* at 376.

In his notice of removal, Defendant states that diversity jurisdiction is proper because the case is between citizens of different states and the amount in controversy exceeds $75,000, without providing any supporting facts. Dkt. #1 at 2. Plaintiff apparently concedes that the parties are diverse, but argues that the amount in controversy does not exceed $75,000 because Plaintiff is seeking damages of only $4,151.13 plus $1,382.33 in attorney's

1 fees. Dkt. #4 at 3, Ex. 1. In his response to the motion to remand, Defendant asserts a
2 counterclaim in which he alleges that Plaintiff is liable for intentional infliction of emotional
3 distress, defamation, abuse of process, and malicious prosecution, as well as for violations
4 of the Fair Debt Collections Act and the Fair Credit Reporting Act. Dkt. #6 at 2-4.

5 The Ninth Circuit has not ruled on whether a defendant's counterclaim is part of the
6 amount in controversy for purposes of diversity jurisdiction in a removed case. While lower
7 courts are divided on the issue, "the great weight of authority favors [the] position that the
8 amount of a counterclaim may not be considered in determining the amount in controversy."
9 *Mesa Industries, Inc., v. Eaglebrook Products, Inc.*, 980 F.Supp. 323, 326 (D. Ariz. 1997);
10 *see also Maloan v. Bancorpsouth Bank, Inc.*, 2002 WL 1397266 (W.D. Tenn. 2002); *Rla v.
11 Cape Cod Biolab Corp.*, 2001 WL 1563710 (N.D. Cal. 2001); *Al-Cast Mold & Pattern, Inc.
12 v. Perception, Inc.*, 52 F.Supp.2d 1081 (D. Minn. 1999); 14B Charles A. Wright, et al.,
13 *Federal Practice & Procedure* § 3706 (3d ed. 2006) (collecting cases). This view, which the
14 Court adopts, comports with the longstanding notion that there is a "strong presumption
15 against removal jurisdiction" when a plaintiff has filed suit in state court alleging damages
16 less than $75,000. *Gaus,* 980 F.2d at 566. Because Plaintiff may not overcome the monetary
17 threshold using his own counterclaim, he has not borne the burden of proving by a
18 preponderance of the evidence that the amount in controversy exceeds $75,000. *See Singer*,
19 116 F.3d at 376.

20 **IT IS ORDERED:**

21 1. Plaintiff's motion to remand is **granted**.

22 2. Defendants' motion to dismiss is **denied** as moot.

23 DATED this 9th day of November, 2006.

David G. Campbell
United States District Judge